COLUMBUS CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE,
*v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES;
2100 MAPLE CANYON PLAZA, L.L.C., APPELLANT.

[Cite as *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 114 Ohio St.3d 1224, 2007-Ohio-4007.]

(No. 2006–1429—Submitted June 5, 2007—Decided August 22, 2007.)

{¶ 1} This cause is pending before the court as an appeal from the Board of Tax Appeals ("BTA"). Appellee Columbus City School District Board of Education ("BOE") has filed a motion to dismiss, asserting that the appellant, 2100 Maple Canyon Plaza, L.L.C., failed to properly invoke the jurisdiction of this court.

{¶ 2} In *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision,* 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178, we held that the service requirement set forth in the sixth paragraph of R.C. 5717.04 is mandatory and jurisdictional and that failure to comply requires dismissal of the appeal. R.C. 5717.04 specifies

who must be made appellees, and that section requires that an appellant serve a copy of its notice of appeal on those persons by certified mail. Among those persons are "all persons to whom the decision of the board * * * is required * * * to be certified."

{¶ 3} R.C. 5717.03(B) requires that the BTA certify its decision to the county auditor, the tax commissioner, "all persons who were parties to the appeal before the board," and "the person in whose name the property is listed, or sought to be listed, if such person is not a party to the appeal." The BOE asserts that the "person in whose name the property is listed or sought to be listed" is not the appellant itself but rather is an entity called Ted & Maria's Plaza, L.L.C., to whom the appellant had sold the parcel at issue. In response, the appellant contends that the phrase "person in whose name the property is listed or sought to be listed" refers to the appellant itself, because the appellant was the owner at the time the BOE filed its valuation complaint and because the appellant participated in the proceedings both before the board of revision and before the BTA.

{¶ 4} We conclude that the "person in whose name the property is listed or sought to be listed" is the person whom the record shows to be the owner of the property as of the time that the BTA was required to certify its decision. The record of this case shows that, long before the BTA issued its decision, the appellant had sold the property to Ted & Maria's Plaza, L.L.C., whose ownership presumptively continued. As a result, R.C. 5717.04 required joinder of Ted & Maria's Plaza, L.L.C., and service of the notice of appeal on that entity. Because the appellant did not serve the notice of appeal on the person the record showed to be the owner in accordance with the sixth paragraph of R.C. 5717.04, it failed to properly invoke the jurisdiction of this court. The present appeal is therefore dismissed for want of jurisdiction.

MOYER, C.J., O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

PFEIFER, J., dissents and would affirm the decision of the Board of Tax Appeals on the merits.

LUNDBERG STRATTON, J., dissents.

————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 5} The majority concludes that this case must be dismissed because the appellant, 2100 Maple Canyon Plaza, L.L.C. ("Maple Canyon"), did not serve its notice of appeal on the entity to which it had sold the property in July 2004. I disagree. In my opinion, R.C. 5717.03(B) does not require the Board of Tax Appeals ("BTA") to certify its decision separately to a current owner of the

property when a former owner is properly and legitimately a party-appellee to the BTA case.

{¶ 6} When the board of education filed its valuation complaint, Maple Canyon owned the property at issue, and on that basis, Maple Canyon appeared as a party before the board of revision and as an appellee before the BTA. Indeed, the board of education's own submissions acknowledged Maple Canyon's status as an appellee throughout the proceedings. In my view, Maple Canyon was an appellee who represented the owner's interest before the BTA. Accordingly, Maple Canyon had standing to appeal under R.C. 5717.04 and was not required to serve its notice of appeal on the subsequent owner of the property.

{¶ 7} The dispute focuses on the following phrase in R.C. 5717.03(B): "person in whose name the property is listed, or sought to be listed." The issue is whether this language refers to the entity that owns the property at the time the BTA must certify its decision or to the entity that owned the property at the time the valuation complaint was filed. The statute's plain language creates, but does not resolve, this ambiguity. Accordingly, the Revised Code directs us to "determin[e] the intention of the legislature" by considering such factors as "[t]he object sought to be attained" by the statute and the "consequences of a particular construction." R.C. 1.49(A) and (E).

{¶ 8} In my opinion, the legislative object of the certification is to ensure that notice is given so that the interest of the property owner may be considered. Whenever a former owner is properly and legitimately a party-appellee before the BTA, the purpose behind that statute has been satisfied if the owner-party itself receives notice of the BTA's decision (and service of the notice of appeal from that decision).

{¶ 9} It is true that the current owner has an interest in the case by virtue of the tax lien. But it is equally true that any purchaser of real property is on notice that there may be tax liabilities that accrued before the sale. The purchaser's remedy lies in the sale contract: the buyer must protect itself by insisting that the seller assume responsibility for such liabilities. Indeed, when a former owner continues to litigate the value of property that has been sold, that former owner is usually doing so because of its responsibilities under the sale contract. It follows that the former owner rather than the current owner should be regarded as the real party in interest, and the former owner should receive certification of the decision and service under the statutes.

{¶ 10} As for consequences, the result of the majority's construction is to require that notice be sent to an entity that has had the opportunity to participate throughout the proceedings below and has decided not to participate. I do not believe that this result accords with the General Assembly's intent. By requiring that the "person in whose name the property is listed" be notified if that person

was "not a party to the appeal," the legislature wanted to make sure that the owner was notified of a BTA decision *if no party represented the owner's interest before the BTA*. In my view, the General Assembly did not intend to require the essentially futile act of notifying a subsequent owner when the former owner is actively representing the owner's interest in the litigation.

{¶ 11} For the foregoing reasons, I would deny the motion to dismiss and reach the issues briefed by the parties. I therefore respectfully dissent.

---

Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellant.

Rich, Crites & Dittmer, L.L.C., Jeffrey A. Rich, and Mark H. Gillis, for appellee Columbus City School District Board of Education.