CINCINNATI SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, *v.*
HAMILTON COUNTY BOARD OF REVISION ET AL., APPELLEES;
ANCHOR LYONS LIMITED PARTNERSHIP, APPELLANT.

[Cite as *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision,* 116 Ohio St.3d 1220, 2007-Ohio-6664.]

(No. 2007–1217—Submitted November 6, 2007—Decided December 19, 2007.)

{¶ 1} This cause is pending before the court as an appeal from the Board of Tax Appeals ("BTA"). Appellee Cincinnati School District Board of Education ("BOE") has filed a motion to dismiss, asserting that the appellant, Anchor Lyons Limited Partnership ("Anchor Lyons"), failed to properly invoke the jurisdiction of this court.

{¶ 2} In *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 114 Ohio St.3d 1224, 2007-Ohio-4007, 871 N.E.2d 602 ("*Columbus* "), we held that in a case that reaches the Board of Tax Appeals ("BTA") from a county board of revision, a party that appeals the BTA's decision to this court must serve its notice of appeal, in accordance with the sixth paragraph of R.C. 5717.04, on the "person whom the record shows to be the owner of the property as of the time that the BTA was required to certify its decision." *Columbus,* ¶ 4.

{¶ 3} The motion to dismiss points out that the required service was not performed in this case. Although Anchor Lyons owned the property at issue when the BOE filed its complaint with the board of revision, Anchor Lyons sold the property to Ballantrae Investments, L.L.C. shortly after the BOE appealed the board of revision's decision to the BTA. Thus, Ballantrae Investments, L.L.C. qualifies as the "person whom the record shows to be the owner of the property as of the time that the BTA was required to certify its decision."

{¶ 4} After the BTA reversed the board of revision's decision, Anchor Lyons filed an appeal in this court. But Anchor Lyons failed to serve its notice of appeal on Ballantrae Investments, L.L.C. Accordingly, the BOE argues that Anchor Lyons's appeal in this court should be dismissed for want of jurisdiction.

{¶ 5} We recognize that if we were to apply *Columbus* to the facts before us, we would grant the motion and dismiss the case. But we have also recognized that when a ruling by this court might disrupt the finality of administrative or

judicial decisions, the potential for disruption justifies making our ruling operate in a purely prospective manner. See *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 39, 22 OBR 27, 488 N.E.2d 210; *OAMCO v. Lindley* (1987), 29 Ohio St.3d 1, 29 OBR 122, 503 N.E.2d 1388; *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision*, 96 Ohio St.3d 165, 2002-Ohio-4033, 772 N.E.2d 1160, ¶ 20. Our ruling in *Columbus* construes language contained in sections of the Revised Code that potentially affect the finality of decisions issued by the boards of revision and the BTA. See R.C. 5717.03(B) and 5715.20.

{¶ 6} Accordingly, we hold that our ruling in *Columbus*, with the exception of our application of it in *Columbus* itself, shall apply only prospectively. In this context, prospective application means that the ruling in *Columbus* will be applied only when the BTA decision has been issued after August 22, 2007, the date of issuance of the dismissal order in *Columbus*.

{¶ 7} In this case, the BTA issued its decision on June 8, 2007. Because that decision was issued before August 22, 2007, we will not apply the ruling of *Columbus* in this case. Accordingly, the motion to dismiss is denied.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

O'DONNELL and LANZINGER, JJ., dissent.

---

**O'DONNELL, J., dissenting.**

{¶ 8} Respectfully, I dissent. In my view, the facts in this case are on all fours with the rule of law we announced in *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 114 Ohio St.3d 1224, 2007-Ohio-4007, 871 N.E.2d 602 ("*Columbus*"). This is a matter where the required service of process had not been made on the "person whom the record shows to be the owner of the property as of the time that the BTA was required to certify its decision," id. at ¶ 4, a necessary prerequisite to pursuing an appeal to this court from a decision of the BTA. The majority sidesteps application of our decision in *Columbus* and today announces that that decision "shall apply only prospectively."

{¶ 9} However, we did not make that prospective determination at the time we announced it to be the law in *Columbus*, and furthermore, the parties to that case did not have any advance notice of what our decision would be in that case. Accordingly, I respectfully dissent from the decision by the majority to sidestep application of what we have determined the law to be by holding that our decision in *Columbus* applies only prospectively.

LANZINGER, J., concurs in the foregoing opinion.

David C. DiMuzio, Inc., David C. DeMuzio, and Jennifer B. Antaki, for appellee Cincinnati School District Board of Education.

Siegel, Siegel, Johnson & Jennings Co., L.P.A., Nicholas M.J. Ray, and Jay P. Siegel, for appellant.