Neil P. Agarwal, for appellants.

———

SYLVANIA CHURCH OF GOD, APPELLANT, v. LEVIN, TAX COMMR., APPELLEE.

[Cite as *Sylvania Church of God v. Levin*,
118 Ohio St.3d 260, 2008-Ohio-2448.]

(No. 2007–0924—Submitted February 13, 2008—Decided May 28, 2008.)

———

**Per Curiam.**

{¶ 1} On November 15, 2005, Sylvania Church of God ("Sylvania") applied for an exemption from real property taxes for tax year 2005. Sylvania used the property at issue as a church and for religious studies and sought the exemption pursuant to R.C. 5709.07(A)(2) (exemption for house of public worship). According to the application, Sylvania had acquired title to the property on January 26, 2005, from Metropolitan Life Insurance Company.

{¶ 2} By final determination issued on November 29, 2005, the Tax Commissioner found that the "exemption cannot be reviewed for tax year 2005" and denied the application. The Tax Commissioner based his determination on the proposition that to be exempted, property "must have been owned by the applicant and used for an exempt purpose as of the tax lien date, January first, in the year in which the exemption is sought." Because Sylvania did not acquire the property until after January 1, 2005, and did not use the property in an exempt manner until the January 26, 2005 acquisition, it could not obtain exemption for the 2005 tax year, according to the Tax Commissioner.

{¶ 3} Sylvania appealed the denial to the Board of Tax Appeals ("BTA"), waiving the evidentiary hearing. On May 4, 2007, the BTA affirmed the Tax Commissioner's denial of the exemption on the grounds that Sylvania did not own the property on the tax-lien date. The BTA held that this fact meant that "the

Tax Commissioner lacked jurisdiction to consider this exemption application." Sylvania has appealed that decision to this court.

{¶ 4} The sole issue is whether Sylvania was required to own the property and use it for an exempt purpose on January 1, 2005, the tax-lien date of that year, in order to qualify the property for exemption for the 2005 tax year.

{¶ 5} Sylvania argues that there is no statutory requirement that it must own the property and make an exempt use of it on the tax-lien date. According to Sylvania, the only statutory requirement is that an application for exemption be filed prior to December 31 of the year for which exemption is sought. See R.C. 5715.27(F). Sylvania suggests that an applicant for exemption must merely own and use its property for an exempt purpose before the December 31 application date. Because Sylvania owned and used the property for an exempt purpose on January 26, 2005, and filed its application on November 15, 2005, Sylvania contends that its property qualifies for an exemption for the 2005 tax year.

{¶ 6} On March 12, 2008, in a case decided after Sylvania's case was submitted to this court for decision, we settled all questions regarding the date on which the exempt status of property is determined. In *Episcopal School of Cincinnati v. Levin*, 117 Ohio St.3d 412, 2008-Ohio-939, 884 N.E.2d 561, we stated, "We regard as settled the general proposition that the taxable or *exempt* status of property should be determined as of the tax lien date, which is January 1 of whatever tax year is at issue." (Emphasis added.) Id. at ¶ 23, citing *Christian Benevolent Assn. of Greater Cincinnati v. Limbach* (1994), 69 Ohio St.3d 296, 297, 631 N.E.2d 1034; and *Grove City v. Zaino* (Sept. 24, 2004), BTA No. 2003–K–722, at 9.[1]

{¶ 7} The pronouncement in *Episcopal School* that the tax-exempt status of property is determined as of the tax-lien date is consistent with prior cases of this court, see *Christian Benevolent Assn.*, 69 Ohio St.3d 296, 631 N.E.2d 1034, and *Ursuline Academy of Cleveland v. Bd. of Tax Appeals* (1943), 141 Ohio St. 563, 567, 26 O.O. 152, 49 N.E.2d 674, and of the BTA, see *Grove City v. Zaino* (Sept. 24, 2004), B.T.A. No. 2003–K–722, at 9, and *Las–Stik Mfg. Co. v. Wilkins* (Dec. 2, 2005), B.T.A. No. 2004–P–1439, at 4. In *Episcopal School*, we specifically rejected an argument—similar to the one raised by Sylvania here—that exempt status should be determined on the date the exemption application is filed. In doing so, we found that looking exclusively at the tax-lien date was the better-reasoned approach because later events during the tax year should not divest an

---

1. *Episcopal School* involved the application of the prospective-use doctrine, which allows an exemption for property during the period when the property is being prepared for actual exempt use.

entity of exempt status for that year if the situation on January 1 justified exempt status. *Episcopal School,* ¶ 22–25.

{¶ 8} The converse of that proposition, of course, is equally applicable. That is, a favorable state of affairs on the day the application is filed should not grant a taxpayer an exemption if the property did not qualify for exempt status on the tax-lien date.

{¶ 9} For the reasons discussed above, we reject Sylvania's request that we use the application date as the date for determining exempt status. We reiterate that "[t]he Tax Commissioner may not exempt property from taxation unless the exempt use began by the tax lien date of the year for which the exemption is sought." *Christian Benevolent Assn.,* 69 Ohio St.3d at 297, 631 N.E.2d 1034. Since Sylvania's application on its face shows that it did not own the property on the tax-lien date, and did not use it for exempt purposes on that date, the Tax Commissioner and the BTA correctly found that they had no jurisdiction to grant Sylvania's exemption from taxation for the 2005 tax year.

Decision affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————————

Herschell, Accettola, Bloom, Mills & Manore and Charles E. Bloom, for appellant.

Nancy Hardin Rogers, Attorney General, and Christine T. Mesirow and Sophia Hussain, Assistant Attorneys General, for appellee.