[Cite as *Wellington Square, L.L.C. v. Testa*, 2012-Ohio-4981.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

WELLINGTON SQUARE, LLC           :

    Appellant               :       C.A. CASE NO. 2012 CA 0024

vs.                              :       T.C. CASE NO. 2011 K 1913

JOSEPH W. TESTA,                 :       (Appeal from the Ohio Board
TAX COMMISSIONER OF OHIO                  of Tax Appeals)
                                 :
    Appellee                :

. . . . . . . . .

O P I N I O N

Rendered on the 26th day of October, 2012.

. . . . . . . . .

Wayne E. Southward, Atty. Reg. No. 0009439, One South Limestone
Street, Suite 800, Springfield, Ohio 45502
    Attorney for Appellant

Michael DeWine, Attorney General of Ohio, by Daniel W. Fausey,
Assistant Attorney General of Ohio, Atty. Reg. No. 0079928, 30
East Broad Street, 25th Floor, Columbus, Ohio 43215
    Attorney for Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1}   This appeal is brought pursuant to R.C. 5717.04 from an order of the Ohio

Board of Tax Appeals (the "Board"), affirming a final determination of the Tax

Commissioner of Ohio that dismissed an Application for Real Property Tax Exemption filed

by appellant, Wellington Square, LLC ("Wellington Square"). The Board held that Wellington Square lacked standing to apply for the exemption it sought because Wellington Square did not hold legal title to the real properties concerned on the date it filed its application for the exemptions. For the reasons explained below, we affirm.

{¶ 2} Wellington Square filed its application on December 21, 2009, seeking an exemption from taxes on two parcels of real property for the 2009 tax year. Prior to that, on May 26, 2009, Wellington Square had sold and conveyed its title to the two parcels to TAC Industries, Inc., which had occupied the properties as a tenant since 2003. Wellington Square applied for and obtained tax exemptions for prior years during which TAC Industries, a non-profit charitable enterprise, occupied the two parcels.

{¶ 3} R.C. 5715.27(A)(1) governs who may apply for a tax exemption for real property, and provides:

Except as provided in division (A)(2) of this section and in section 3735.67 of the Revised Code, the *owner*, a vendee in possession under a purchase agreement or a land contract, the beneficiary of a trust, or a lessee for an initial term of not less than thirty years of any property may file an application with the tax commissioner, on forms prescribed by the commissioner, requesting that such property be exempted from taxation and that taxes, interest, and penalties be remitted as provided in division (C) of section 5713.08 of the Revised Code. (Emphasis supplied.)

{¶ 4} The only classification in R.C. 5715.27(A)(1) that could permit Wellington Square to file an application for tax exemption is as the "owner" of the real properties

concerned. *In Performing Arts School of Metropolitan Toledo, Inc. v. Wilkins, Tax Commr.*, 104 Ohio St.3d 284, 2004-Ohio-6389, 819 N.E.2d 649, the Supreme Court held that an "owner as used in R.C. 5715.27 refers only to a legal title holder of the real property for which a tax exemption is sought." ¶ 13. Because Wellington Square did not hold legal title to the two parcels when it filed its application on December 21, 2009, the Board found that Wellington Square lacked standing to apply for the benefit for the properties it sought, and accordingly affirmed the determination of the Tax Commissioner denying Wellington Square's application.

{¶ 5} Wellington Square argues that the Board erred because the relevant date to determine an applicant's standing is January first, in the year for which the exemption is sought. Wellington Square held title to the two parcels of property on January 1, 2009. Wellington Square relies on the holding in *Sylvania Church of God v. Levin, Tax Commr.*, 118 Ohio St.3d 260, 2008-Ohio-2448, 888 N.E.2d 408.

{¶ 6} *Sylvania Church of God* did not involve the issue of an applicant's standing. It involved instead the right of an applicant with standing to obtain the tax exemption sought. The Supreme Court held that, in order for the property to qualify for the exemption, it must have both been used for the exempt purpose and owned by the applicant on the January first date of the year for which the exemption is sought. The Supreme Court affirmed that holding later the same year in *Southside Community Development Corporation v. Levin, Tax Commr.*, 119 Ohio St.3d 521, 2008-Ohio-4839, 895 N.E.2d 551.

**{¶ 7}** Because Wellington Square did not hold title to the two parcels on the date its application was filed, the fact that it owned the properties on January 1, 2009, and that they were then used for a claimed exempt purpose, is immaterial.

**{¶ 8}** Wellington Square further argues that the Tax Commissioner should have accepted its application for other reasons. Wellington Square points out that it had been granted exemptions for prior years in which TAC Industries occupied and used the premises, as TAC Industries continued to do as their owner. Also, Wellington Square is wholly owned and funded by the same charitable trust that funds TAC Industries. The commonality of their circumstances, which were made known to the Tax Commissioner in its application, support the exemption it sought according to Wellington Square.

**{¶ 9}** We are not persuaded. "In administrative appeals such as this, 'parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction.'" *Performing Arts School of Metropolitan Toledo*, ¶ 6, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002, fn. 4. Because the right to prosecute an application for exemption involves an administrative proceeding statutorily created and delineated, common-law concepts of privity have no application. *Id*., ¶ 6.

**{¶ 10}** The Board did not err when it affirmed the determination of the Tax Commissioner and dismissed Wellington Square's appeal. Therefore, the assignments of error are overruled, and the Board's decision will be affirmed.

Donovan, J., and Hall, J., concur.

Copies mailed to:

Wayne E. Southward, Esq.
Daniel W. Fausey, Esq.
Sally F. Van Meter, Secretary
Ohio Board of Tax Appeals