[Cite as *Centerville v. Testa*, 2014-Ohio-1972.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

THE CITY OF CENTERVILLE

      Appellant

v.

JOSEPH W. TESTA, TAX
COMMISSIONER OF OHIO

      Appellee

Appellate Case No.    25985

BTA Case No. 2012-A-1552

(Civil Appeal from
 Board of Tax Appeals)

. . . . . . . . . . .

### O P I N I O N

Rendered on the 9th day of May, 2014.

. . . . . . . . . . .

SCOTT A. LIBERMAN, Atty. Reg. No. 0058432, One South Main Street, Suite 1590, Dayton, Ohio 45402
     Attorney for Appellant

MICHAEL DEWINE by SOPHIA HUSSAIN, Atty. Reg. No. 0081326, and DAVID EBERSOLE, Atty. Reg. No. 0087896, Assistant Ohio Attorneys General, 30 East Broad Street, 25th Floor, Columbus, Ohio 43215
     Attorneys for Appellee

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** In this case, Appellant, the City of Centerville, appeals from a decision of the Ohio Board of Tax Appeals, which dismissed Centerville's administrative appeal of a final determination of Appellee, Joseph W. Testa, Tax Commissioner of Ohio.[1] As grounds for its appeal, Centerville contends that the BTA erred in holding that Centerville lacked standing to appeal the Commissioner's final determination letter.

**{¶ 2}** We conclude that the BTA did not err in dismissing the appeal. Centerville does not meet the description of a party authorized to appeal decisions of the tax commissioner under R.C. 5717.02(A), and the BTA lacked jurisdiction to hear the appeal. Accordingly, the decision of the BTA will be affirmed.

## I.  Facts and Course of Proceedings

**{¶ 3}** In January 2006, Centerville acquired a perpetual ingress/egress and parking easement on land owned by Richard and Debra Teeters (the Teeters), that was located in a commercial area of Centerville, Ohio. The easement was designed to provide parking for abutting business owners and their tenants, customers, clients, vendors, and business invitees. Centerville paid the Teeters $30,000 for the easement, which consisted of about 73% of the Teeters' property. Centerville also agreed to be responsible for maintaining the area. In addition, the easement agreement between Centerville and the Teeters provided that Centerville, in cooperation with the Teeters, would apply for a property tax exemption to be applied retroactively to the time that the easement was granted.

---

[1] For purposes of convenience, we will refer to the parties as "Centerville" and "Commissioner." We will also refer to the Ohio Board of Tax Appeals as "BTA."

{¶ 4} In September 2008, the Teeters filed an application with the Ohio Department of Taxation, requesting a tax exemption for 2008, and a remission for tax years 2006 and 2007, on the property. The property was described in the application as Parcel No. 068-0001-03-0003 ("the Parcel").

{¶ 5} In 2010, Centerville and the Teeters also entered into a further agreement, pursuant to which Centerville would reimburse the Teeters for property taxes paid by the Teeters between 2006 and 2009. Centerville further agreed that it would continue to annually reimburse the Teeters for the taxes paid until such time as the State of Ohio granted final approval of a real property tax exemption.

{¶ 6} In the 2008 application, the Teeters claimed a real property exemption for the 73% of the Parcel that was being used for parking. This exemption was based on R.C. 5709.08, which provides a tax exemption for property used exclusively for a public purpose. However, in April 2012, the Commissioner issued a final determination rejecting the application. The Commissioner concluded that the Parcel was not entitled to a tax exemption because it was not owned by a public entity. A notice of appeal from this decision was filed with the BTA on June 1, 2012.

{¶ 7} Although the Teeters were named on the original application for the exemption, the Teeters, themselves, did not file a notice of appeal with the BTA. Instead, Centerville filed the notice of appeal itself, stating in the notice that it was "on behalf of Richard and Debra Teeters." On July 30, 2013, the BTA held a hearing and received evidence from Centerville, including testimony from Centerville's finance director, Steve Hinshaw. Centerville also submitted documents pertaining to the easement agreement. The Teeters did not appear at the

hearing, nor did they participate in any of the proceedings before the BTA.

{¶ 8} After the hearing, the Commissioner filed a motion to dismiss, contending that Centerville lacked standing to appeal. The crux of the Commissioner's argument was that Centerville failed to meet the requirements for appealing the Commissioner's decision under R.C. 5717.02(A), i.e., Centerville was not either a "taxpayer" for the property or a person to whom notice of the Commissioner's final determination is required by law. The BTA agreed with the Commissioner, and dismissed the appeal in October 2013. Centerville appeals from the BTA's dismissal of its appeal.

## II.  Did the BTA Err in Dismissing Centerville's Appeal?

{¶ 9} Centerville's sole assignment of error states that:

> The Board of Tax Appeals Erred in Sustaining Tax Commissioner's Motion to Dismiss Finding the City of Centerville Lacked Standing to Appeal the Tax Commissioner's Final Determination Letter.

{¶ 10} Under this assignment of error, Centerville contends that the BTA erred in concluding that Centerville lacked standing to prosecute the appeal. Specifically, Centerville contends that it should have been allowed to appeal the Commissioner's decision because it was, in fact, the applicant for all intents and purposes. In this regard, Centerville focuses on the fact that it filled out the application for the Teeters and submitted it to the Commissioner. Centerville also argues that it is the "taxpayer," because it must reimburse the property owners for the property tax that has been paid. In contrast, the Commissioner argues that statutes conferring administrative jurisdiction must be strictly construed.

{¶ 11}   In *Girl Scouts-Great Trail Council v. Levin,* 113 Ohio St.3d 24, 2007-Ohio-972, 862 N.E.2d 493, the Supreme Court of Ohio articulated the following standard of review for appeals of BTA decisions:

R.C. 5717.04 sets forth the appropriate standard of review for matters on appeal from the Board of Tax Appeals: "If upon hearing and consideration of [the] record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same * * *."  In *Howard v. Cuyahoga Cty. Bd. of Revision* (1988), 37 Ohio St.3d 195, 197, 524 N.E.2d 887, we reiterated that the standard of review for a matter appealed from the BTA is whether the decision "is reasonable and lawful."  Further, we acknowledged in *Ameritech Publishing, Inc. v. Wilkins*, 111 Ohio St.3d 114, 2006-Ohio-5337, 855 N.E.2d 440, that " '[t]he BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations,' this court will affirm them." *Id.* at ¶ 5, quoting *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483.  *Girl Scouts-Great Trail Council* at ¶ 9.

{¶ 12}   In the case before us, the BTA did not decide factual issues; it simply concluded, based on the facts before it, that Centerville failed to meet the standing requirements in R.C. 5717.02(A), and that the BTA, therefore, lacked jurisdiction to hear the appeal. Accordingly, the issue before us is whether that decision is reasonable and lawful.

{¶ 13}   "Standing is a threshold requirement that must be met before a court may consider the merits of a legal claim."  (Citations omitted.)  *Beaver Excavating Co. v. Testa*, 134 Ohio St.3d 565, 2012-Ohio-5776, 983 N.E.2d 1317, ¶ 8.  "Standing exists only when (1) the

complaining party has suffered or has been threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, (2) the law in question caused the injury, and (3) the relief requested will redress the injury." *Id.*, citing *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 22.

**{¶ 14}** Regarding administrative appeals like those brought under R.C. 5717.02 and R.C. 5715.27, the Supreme Court of Ohio has also stressed that " 'parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction.' " *Performing Arts School of Metro. Toledo, Inc. v. Wilkins*, 104 Ohio St.3d 284, 2004-Ohio-6389, 819 N.E.2d 649, ¶ 6, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77, fn. 4, 701 N.E.2d 1002 (1988). *Accord Southside Community Dev. Corp. v. Levin*, 119 Ohio St.3d 521, 2008-Ohio-4839, 895 N.E.2d 551, ¶ 13.

**{¶ 15}** As was noted, the Teeters filed the original application for an exemption. The standing requirements for filing an application for exemption are contained in R.C. 5715.27(A)(1), which provides, in pertinent part, as follows:

> [T]he owner, a vendee in possession under a purchase agreement or a land contract, the beneficiary of a trust, or a lessee for an initial term of not less than thirty years of any property may file an application with the tax commissioner, on forms prescribed by the commissioner, requesting that such property be exempted from taxation and that taxes, interest, and penalties be remitted as provided in division (C) of section 5713.08 of the Revised Code.

**{¶ 16}** Thus, as the owners of the Parcel, the Teeters had standing under R.C. 5715.27(A)(1) to apply to the Commissioner for the tax exemption. Once the Commissioner

denied the application, however, further appeal was governed by R.C. 5717.02(A), which provides that:

Except as otherwise provided by law, appeals from final determinations by the tax commissioner of any preliminary, amended, or final tax assessments, reassessments, valuations, determinations, findings, computations, or orders made by the commissioner may be taken to the board of tax appeals by the taxpayer, by the person to whom notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner is required by law to be given, by the director of budget and management if the revenues affected by that decision would accrue primarily to the state treasury, or by the county auditors of the counties to the undivided general tax funds of which the revenues affected by that decision would primarily accrue.

{¶ 17} Centerville does not fit within any of the above categories. Although Centerville may have entered into a private agreement to reimburse the Teeters for property tax that had been paid, Centerville is not the taxpayer for the Parcel, and it does not fall within the other categories listed in R.C. 5717.02(A). Furthermore, even though the application was originally filed by a party who was statutorily authorized, the Supreme Court of Ohio has stressed that "5717.02 states who may appeal a determination of the Tax Commissioner but simply does not authorize any person to enter the case later as an appellant." *Southside Community Dev. Corp.,*119 Ohio St.3d 521, 2008-Ohio-4839, 895 N.E.2d 551, at ¶ 13.

{¶ 18} *Southside Community Dev. Corp.* involved an issue similar to the one in the case before us. In *Southside Community Dev. Corp.*, a county which had purchased property

from a bankruptcy trustee attempted to intervene in a BTA appeal that had been filed by the trustee.  *Id.* at ¶ 1.  The county claimed it had standing because it was the current owner and was affected by past tax liens. However, the Supreme Court of Ohio disagreed.  *Id.* at ¶ 1-2.

**{¶ 19}**    In rejecting the county's argument, the court stressed that:

> The statutes do not permit either intervention or substitution.   The right to obtain exemption for a particular tax year depends upon the particular applicant's ownership and use of the property on the lien date of that year. *See Sylvania Church of God v. Levin*, 118 Ohio St.3d 260, 2008-Ohio-2448, 888 N.E.2d 408, ¶ 4, 6, 9, citing *Episcopal School of Cincinnati v. Levin*, 117 Ohio St.3d 412, 2008-Ohio-939, 884 N.E.2d 561, ¶ 23.   If exempt use begins in earlier years, the statutes allow an applicant to obtain remission of taxes for up to three preceding years, subject to a limitation that is crucial for purposes of this case. R.C. 5713.08(B).   That limitation relates to the time of ownership: *the applicant must own the property on the lien date of the prior year* for which the tax benefit of an exempt use is claimed.   (Emphasis sic.) (Footnote omitted.)   *Southside Community Dev. Corp*. at ¶ 7.

**{¶ 20}**   The Supreme Court of Ohio also rejected the county's argument that it was the "taxpayer."  *Id.* at ¶ 12-17.   In this regard, the court stated that:

> In this case, Southside Community Development Corporation's bankruptcy trustee filed the only notice of appeal conferring jurisdiction on the BTA. Mahoning County as a later purchaser may not jurisdictionally piggyback its own claim for relief onto a notice of appeal filed by another entity.   To permit a party

to do so would, in effect, allow an end run around both the filing and the specification requirements set forth in R.C. 5717.02. This is particularly true where, as here, the original appellant may abandon its claims. Indeed, if the party that originally filed a notice of appeal were to dismiss that appeal altogether, there would be no specifications of error that would permit the BTA to take jurisdiction over the case. *See Queen City Valves v. Peck* (1954), 161 Ohio St. 579, 53 O.O. 430, 120 N.E.2d 310. In such a situation, the appeal would jurisdictionally evaporate, even if intervention had been granted to another party to litigate as an appellant.

R.C. 5717.02 also contains no authority for the assertion that the county may substitute itself for Southside. Indeed, to permit the substitution would imply that the original applicant is actually divested of authority to pursue the appeal once it sells the property. Such a limitation has not been recognized in the past, and the statute does not impose it. *See, e.g., Episcopal School of Cincinnati v. Levin*, 117 Ohio St.3d 412, 2008-Ohio-939, 884 N.E.2d 561, ¶ 4 (the exemption applicant continued to pursue its exemption before the Tax Commissioner, the BTA, and the court, even though it had sold the property while the application was pending before the commissioner). *Southside Community Dev. Corp.,*119 Ohio St.3d 521, 2008-Ohio-4839, 895 N.E.2d 551, at ¶ 15-16.

{¶ 21} Although the factual situation is somewhat different, the same considerations apply to the case before us. Centerville was not the property owner or the taxpayer at the time the application for exemption and the appeal were filed. Furthermore, even if one considers that

Centerville was allegedly acting "on behalf" of the Teeters, the Teeters could have dismissed the appeal to the BTA at any time, leaving no specifications of error over which the BTA could take jurisdiction.

{¶ 22} Essentially, Centerville's argument is that these jurisdictional requirements elevate form over function, and that may be true. Nonetheless, while the result may seem harsh, "[a] litigant has no inherent right to appeal a tax determination, only a statutory right." (Citations omitted.) *Avon Lake City School Dist. v. Limbach,* 35 Ohio St.3d 118, 119, 518 N.E.2d 1190 (1988). In the absence of statutory entitlement to an appeal, and without countervailing authority from the Supreme Court of Ohio, we must conclude that the BTA's decision was reasonable and lawful. By statute, the Teeters were the proper parties to pursue the appeal, not Centerville. Moreover, because the easement agreement required the Teeters to cooperate with Centerville in obtaining a tax exemption, there is no reason why the Teeters would not have filed the appeal from the Commissioner's decision.

{¶ 23} Based on the preceding discussion, the BTA did not err in concluding that it lacked jurisdiction over the appeal. Accordingly, Centerville's sole assignment of error is overruled.

III. Conclusion

{¶ 24} Centerville's sole assignment of error having been overruled, the judgment of the BTA is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Scott Liberman
Michael DeWine
Sophia Hussain
David Ebersole
Ohio Board of Tax Appeals