JONES & LAUGHLIN STEEL CORP., APPELLANT, *v.* LUCAS
COUNTY BOARD OF REVISION, APPELLEE, ET AL.

(No. 74-9—Decided December 4, 1974.)

*Messrs. Kurfess, Williamson & Cheetwood* and *Mr. Gale Williamson*, for appellant.

*Mr. Richard A. Cohen*, for appellees.

WILLIAM B. BROWN, J. The question presented is whether the Court of Common Pleas, in an appeal under R. C.. 5717.05, may determine a taxable value for real property which is lower than that claimed by the taxpayer in his initial complaint.

R. C. 5717.05, in pertinent part, provides:

" [Upon appeal] the court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider evidence in addition thereto. *It shall determine the taxable value of the property* whose valuation * * * for

taxation by the county board of revision is complained of * * * and shall certify its judgment to the auditor, who shall correct the tax list and duplicate as required by such judgment." (Emphasis ours.)

In this case, the Court of Common Pleas heard the appeal on the record and on additional evidence (viz, the testimony and report of appellant's appraiser which was not available to appellant prior to its preparing and filing the initial complaint, pursuant to R. C. 5715.19), and determined the taxable value of the subject property pursuant to the clear mandate of R. C. 5717.05, *supra.* That determination was supported by the evidence, and the Court of Appeals so found.

However, the Court of Appeals held that any reduction in the assessed valuation by the Court of Common Pleas is limited to the valuation claimed in the taxpayer's initial complaint. We disagree.

First, R. C. 5717.05 enjoins the Court of Common Pleas to determine the taxable value of the property. To arrive at taxable value, the court determines a fair market value and then applies to that figure the appropriate taxation rate. The statutory mandate is simple. It places neither minimum nor maximum limitations on the court's determination of value, and there are none save the judicial requirement that the determination be supported by the evidence.

Secondly, the Court of Appeals "deemed" the taxpayer's complaint to the board a "pleading in the case," and stated further that "any admission of fact against interest in a pleading is conclusive upon the pleader and he is bound by such admission, and the Court of Appeals is bound to accept as true such admissions in the pleadings." Although we need not question the validity of this conclusion, we can not concur in the court's premise that the "complaint" herein, filed with an administrative body prior to the institution of this judicial proceeding, is a pleading. See Civ. R. 7(A).

Finally, even if the "complaint" were a pleading, the

averments contained therein would lack conclusive effect. Not only is it the court's duty under R. C. 5717.05 to determine the taxable value, but also Civ. R. 15 allows amendments to pleadings when justice requires or when necessary to conform to the evidence. Here, appellant's appraiser gave evidence that the taxable value was $108,000 (36 percent of $300,000, fair market value). No objection was made that such evidence was not in conformity with the pleadings, and, had an objection been entered, Civ. R. 15(B) provides for amendment at that time.

For the foregoing reasons, this court holds that in an appeal under R. C. 5717.05, from a decision of a county board of revision concerning the taxable value of real property, the Court of Common Pleas is not limited by the valuation claimed in the taxpayer's complaint.

Accordingly, the judgment of the Court of Appeals is reversed, and the judgment of the Court of Common Pleas is reinstated.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN CELEBREZZE and P. BROWN, JJ., concur.