COLUMBUS APARTMENTS ASSOCIATES, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES. THE ARCADE COMPANY, LTD., APPELLANT, *v.* BOARD OF REVISION OF CUYAHOGA COUNTY ET AL., APPELLEES.

[Cite as Columbus Apartments Assoc. v. Bd. of Revision (1981), 67 Ohio St. 2d 85.]

(Nos. 80-1535 and 81-90—Decided July 8, 1981.)

*Messrs. Porter, Wright, Morris & Arthur* and *Mr. Roger F. Day,* for appellant in case No. 80-1535.

*Messrs. Teaford, Rich & Dorsey* and *Mr. Jeffrey A. Rich,* for appellee Columbus Bd. of Edn. in case No. 80-1535.

*Messrs. Ford, Whitney & Schulz, Mr. Isaac Schulz* and *Mr. C. Douglas Lovett,* for appellant in case No. 81-90.

*Messrs. Kelley, McCann & Livingstone, Mr. Timothy J. Armstrong* and *Mr. Michael L. Gordon,* for appellee Cleveland Bd. of Edn. in case No. 81-90.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Jeffrey Sherwin,* for appellee Cuyahoga Co. Bd. of Revision et al. in case No. 81-90.

HOLMES, J.   We reverse the decisions of the Board of Tax Appeals.

R. C. 5717.01 confers jurisdiction upon the Board of Tax Appeals (board) to hear appeals from the various county boards of revision. In pertinent part, R. C. 5717.01 provides:

"An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in section 5715.20 of the Revised Code, by the county auditor, the tax commissioner, or any person or public official authorized by section 5715.19[1] of the Revised Code to file complaints against valuations or assessments with the auditor.***"

Although each appellant landowner is authorized by R. C. 5715.19 to file a complaint, the board ruled that since neither had filed a complaint, they were not proper persons, under R. C. 5717.01, to appeal the decisions of the respective boards of revision. In support of its results, the board inappropriately relied upon the following language from *North Olmsted* v. *Bd. of Revision* (1980), 62 Ohio St. 2d 218, 219:

"This court has held that only complainants before the board of revision have standing to appeal a determination by that body to the Board of Tax Appeals. *Bd. of Edn.* v. *Bd. of Revision* (1973), 34 Ohio St. 2d 231; *Lindblom* v. *Bd. of Tax Appeals* (1949), 151 Ohio St. 250." (Footnotes omitted.)

In basing its decisions upon the above quoted language from *North Olmsted* v. *Bd. of Revision,* the board ignored an essentially important factual distinction in that case, as well as the factual distinctions to be found in the other similar cases decided by this court. That factual distinction is the status of the person or entity attempting to appeal to the Board of Tax Appeals.

---

[1] The pertinent part of R. C. 5715.19 is as follows:

"***Any taxpayer may file such a complaint as to the valuation or assessment of or a determination affecting his own or another's real property, and the board of county commissioners, the prosecuting attorney, or the treasurer of any county, any board of township trustees, any board of education, or the mayor or legislative authority of any municipal corporation in any county may file such a complaint. The county auditor shall present to the county board of revision all complaints filed with him, and each board shall notify any such complainant and also the property owner, if his address is known, when the complaint is filed by one other than the property owner, by certified mail, not less than ten days prior to the hearing, of the time and place the same will be heard, and shall hear and render its decision on such complaint within ninety days after the filing thereof with the said board."

In *North Olmsted, supra,* the appellants were the city of North Olmsted and the North Olmsted Board of Education, not the owner of the property in question. In *Bd. of Edn.* v. *Bd. of Revision, supra,* the appellant again was not the property owner, but the Cleveland Board of Education. In *Lindblom, supra,* in like manner, the appellant was not the owner of the property. All of those appellants sought review of a decision of the county board of revision which, upon the property owner's complaint, decreased the taxable value of the owner's property. Here, the appellants are property owners who seek a review of boards or revision decisions which had increased the taxable value of their respective properties.

Certainly, this court has never held that a property owner would be denied the right of appeal of a property evaluation for tax purposes merely because he had not filed a complaint with a board of revision. We conclude that the statutory scheme of providing a property owner procedural safeguards is to the contrary.

Exemplary of the safeguards provided the property owner where the taxable value of his property is at issue is R. C. 5715.19, which provides for notice to the taxpayer whenever any tax complaint is filed concerning his property. This section provides that upon the filing of any such complaint, the board of revision shall "* * * notify any such complainant and also the property owner, if his address is known, when the complaint is filed by one other than the property owner, by certified mail, not less than ten days prior to the hearing, of the time and place the same will be heard * * *." A further procedural requirement protecting the property owner is to be found in R. C. 5715.12, which expressly prohibits the board of revision from increasing the valuation of property when a complaint has been filed without first giving the property owner notice and an opportunity to be heard.[2]

---

[2] R. C. 5715.12, in pertinent part, is as follows:

"The county board of revision shall not increase any valuation without giving notice to the person in whose name the property affected thereby is listed and affording him an opportunity to be heard. Such notice shall describe the real property, the tax value of which is to be acted upon, by the description thereof as carried on the tax list of the current year, and shall state the name in which it is listed; such notice shall be served by delivering a copy thereof to the person interested, by leaving a copy at the usual place of residence or business of such person, or by sending the same by registered letter mailed to the address of such person.* * *"

When the board renders its decision, R. C. 5715.20 requires the board to certify its action to the property owner. That section states in part:

"Whenever a county board of revision renders a decision of a complaint filed under section 5715.19 of the Revised Code, it shall certify its action by certified mail to the person in whose name the property is listed***."

After the board of revision has made its determination of value, the taxpayer is afforded two avenues of appellate review. He is entitled to appeal the matter either to the Board of Tax Appeals pursuant to R. C. 5717.01, as previously set forth, or, alternatively, to the Court of Common Pleas pursuant to R. C. 5717.05.[3]

Appeals from decisions of the Board of Tax Appeals in matters involving valuations made by the county boards of revision may be taken either to this court or to an appropriate Court of Appeals pursuant to R. C. 5717.04. This section states in part as follows:

"Appeals from decisions of the board determining appeals from decisions of county boards of revision may be instituted by any of the persons who were parties to the appeal before the board of tax appeals, by the person in whose name the property involved in the appeal is listed or sought to be listed, if such person was not a party to the appeal before the board of tax appeals, or by the county auditor of the county in which the property involved in the appeal is located."

It is quite evident from the above brief analysis of these sections from this chapter of law, dealing with procedures before the boards of revision and appeals therefrom, that it is the legislative intent to provide every procedural safeguard for the taxpayer. Indeed, most of these sections are in essence a codification of the fundamental concepts of due process.

In that it is the owner's, not the school board's, property which is the subject of the complaint and evaluation proceeding before a board of revision, the owner is an indispensable

---

[3] R. C. 5717.05, as pertinent herein, is as follows:

"As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation***."

party to that proceeding. By no less reason or authority should the owner be denied the right to be a party upon an appeal of a determination which materially affects his property interests.

The right of a property owner to appeal the determination of a board of revision, where a complaint has been successfully pursued by a third party, does not depend upon the owner having filed a complaint pursuant to R. C. 5715.19. The right of an owner to appeal is not so limited and continues to exist even though the owner was initially satisfied with the determination of the board of revision and filed no such complaint.

Surely, it was not the intent of the General Assembly to mandate that a property owner must do such a vain thing as file a complaint when he is perfectly satisfied with the determination of valuation of his property and then to deny this taxpayer-owner his right to appeal an adverse determination made against his interests after a complaint has been filed by a school board or other third party taxpayer. This certainly was not the intent of this court in *North Olmsted, supra,* nor the intended meaning of the opinions in *Bd. of Edn* v. *Bd. of Revision* and *Lindblom, supra.*

The decisions of the Board of Tax Appeals are hereby reversed and the causes are remanded for further proceedings

*Decisions reversed and
causes remanded.*

CELEBREZZE, C. J., STEPHENSON, P. BROWN, SWEENEY, LOCHER and C. BROWN, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.