[Cite as *HK New Plan Exchange Property Owner II, L.L.C. v. Hamilton Cty. Bd. of Revision*, 121 Ohio St.3d 1224, 2009-Ohio-1110.]

HK NEW PLAN EXCHANGE PROPERTY OWNER II, L.L.C., APPELLEE, *v.* HAMILTON COUNTY BOARD OF REVISION ET AL., APPELLEES; CINCINNATI SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

[Cite as *HK New Plan Exchange Property Owner II, L.L.C. v. Hamilton Cty. Bd. of Revision*, 121 Ohio St.3d 1224, 2009-Ohio-1110.]

*Taxation — Appeal from Board of Tax Appeals — R.C. 5717.04 — Notice of appeal served on tax commissioner need not explicitly name commissioner as appellee — Service of notice of appeal not required on new property owner not appearing on record before the Board of Tax Appeals.*

(No. 2008-1782 — Submitted March 10, 2009 — Decided March 18, 2009.)

APPEAL from the Board of Tax Appeals, No. 2006-B-1410.

ON MOTION TO DISMISS.

————————————

{¶ 1} This case is pending as an appeal as of right from the Board of Tax Appeals ("BTA") pursuant to R.C. 5717.04. Appellee HK New Plan Exchange Property Owner II, L.L.C. ("HK New Plan") has moved to dismiss for lack of jurisdiction on two grounds. We find that neither ground has merit.

{¶ 2} First, HK New Plan asserts that the appellant, Cincinnati City School District Board of Education ("BOE"), failed to join and serve the Tax Commissioner as an appellee in this matter. In opposing the motion, the BOE has shown that it served the Tax Commissioner with the notice of appeal. We have held that serving the commissioner without explicitly naming that official as an appellee satisfies R.C. 5717.04. *St. Bernard Self-Storage, L.L.C. v. Hamilton Cty. Bd. of Revision*, 111 Ohio St.3d 1467, 2006-Ohio-5625, 855 N.E.2d 1257.

{¶ 3} Second, HK New Plan claims that the BOE did not comply with R.C. 5717.04, because the BOE did not serve the notice of appeal on a new owner

of the property. Attached to the motion to dismiss are a conveyance-fee statement and county records that reflect a sale of the property by HK New Plan to a new owner in early August 2008. The BTA later issued its decision on August 12, 2008, and the BOE filed its appeal to this court on September 9, 2008. The sixth paragraph of R.C. 5717.04 requires an appellant from a BTA decision to serve those persons to whom the BTA is required to certify its decision pursuant to R.C. 5717.03(B). *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 114 Ohio St.3d 1224, 2007-Ohio-4007, 871 N.E.2d 602, ¶ 2. R.C. 5717.03(B) requires the BTA to certify its decision to the "person in whose name the property is listed, or sought to be listed," and accordingly R.C. 5717.04 requires that an appellant from the BTA decision serve that person as an appellee. *Columbus City School Dist.* at ¶ 3, 4. HK New Plan reasons that R.C. 5717.04 required the BOE to serve the entity to which HK New Plan sold the property about a week before the BTA issued its decision.

**{¶ 4}** HK New Plan is mistaken. Pursuant to *Columbus City School Dist.*, R.C. 5717.03(B) does not require the BTA to certify its decision to a new owner of the property unless the *record before the BTA* shows that person to be the owner of the property. *Columbus City School Dist.* at ¶ 4 (BTA must certify its decision to "the person *whom the record shows to be the owner* of the property as of the time that the BTA was required to certify its decision" [emphasis added]). In the present case, the BTA issued its decision on August 12, 2008 – about a week after the latest sale. The record before the BTA did not disclose the latest sale of the property at the time the BTA issued its decision. As a result, the BTA had no obligation to certify its decision to HK New Plan's purchaser, and thus the BOE as appellant had no obligation to serve the new owner as an appellee.

**{¶ 5}** The motion to dismiss is denied.

Motion denied.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Siegel, Siegel, Johnson & Jennings Co., L.P.A., Nicholas M. J. Ray, and Jay P. Siegel, for appellee.

David C. DiMuzio, Inc., and David C. DiMuzio, for appellant.

_____