[Cite as *Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision,* 138 Ohio St.3d 153, 2014-Ohio-104.]

MASON CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, *v*. WARREN

COUNTY BOARD OF REVISION ET AL., APPELLEES;

SQUIRE HILL PROPERTIES II, L.L.C., APPELLANT.

[Cite as *Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision,*

**138 Ohio St.3d 153, 2014-Ohio-104.]**

*Taxation—Real-property valuation—Failure to serve notice of appeal on a*
*dispensable party is not a jurisdictional defect—Board of tax appeals'*
*failure to address recency finding made by board of revision requires*
*remand.*

(No. 2012-2107—Submitted October 8, 2013—Decided January 21, 2014.)

APPEAL from the Board of Tax Appeals, No. 2009-K-2364.

_____

**KENNEDY, J.**

**{¶ 1}** In this appeal from the Board of Tax Appeals ("BTA"), we
consider the motion to dismiss filed by appellee Mason City School District
Board of Education and the appeal filed by appellant, Squire Hill Properties II,
L.L.C. Squire Hill advances four propositions of law:

> 1. The decision of the Board of Tax Appeals is a nullity
> because Squire Hill was denied due process in not being provided
> constitutionally required notice and an opportunity to be heard.
> 2. The decision of the Board of Tax Appeals must be
> reversed because the Board abused its discretion when it failed to
> continue the hearing after being informed that Wasserpach no
> longer owned the property.

3. The decision of the Board of Tax Appeals must be reversed because Mason failed to meet its burden of proof to overcome the record established at the Warren County Board of Revision.

4. The decision of the Board of Tax Appeals must be reversed because the Board lacked authority and had no evidence to support increasing the valuation of the property without notice to Squire Hill.

**{¶ 2}** Addressing the motion to dismiss first, for the reasons stated below, we conclude that the motion lacks merit, and it is denied. Turning to the issues Squire Hill raises on appeal, we reject the contention that under these circumstances, the BTA was required to give Squire Hill notice of the BTA hearing. We agree with Squire Hill, however, that the BTA erred by not properly considering the finding of the Warren County Board of Revision ("BOR") that the 2006 sale was not recent in regard to the tax-lien date. We therefore vacate the BTA's decision and remand for further proceedings.

## PROCEEDINGS

**{¶ 3}** The property at issue is a one-story, multitenant retail structure called the "Shops at Deerfield South" located in the Mason City School District. For tax-year 2008, the county auditor assigned a value of $5,035,790 to the property.

**{¶ 4}** On January 22, 2009, the former owner of the property, Wasserpach IV, L.L.C., filed a valuation complaint for tax-year 2008, seeking a reduction from the auditor's valuation to $3,000,000 (an amended complaint filed June 5, 2009, sought further reduction). The stated grounds for the reduction were "decreased profitability resulting from decreased market rents, large vacancies, lower rental income, and increased property expenses." The school

board filed a countercomplaint that pointed to the December 2006 sale price of $5,350,000, but it asked that the auditor's valuation, which was slightly lower than the sale price, be retained.

**{¶ 5}** The BOR held a hearing on August 12, 2009, and issued a decision that reduced the value to $3,353,900. That decision relied on a specific finding that the December 2006 sale was not recent, because of the sudden increase in vacated units—from fully leased to 57 percent vacant—between the sale date and the tax-lien date, an event that two members of the BOR, the county auditor and the county treasurer, believed to be linked to market conditions.

**{¶ 6}** The school board then appealed to the BTA, which held a hearing on April 18, 2012. At the hearing, the examiner noted that the county appellees had waived appearance. Counsel for the former property owner Wasserpach had also contacted the examiner and indicated that Wasserpach would not appear, because Wasserpach had surrendered title to the property in lieu of foreclosure. Counsel for the school board did appear and argued in favor of considering the December 2006 sale price and of reverting to the auditor's somewhat lower valuation.

**{¶ 7}** The BTA issued its decision on November 16, 2012. The BTA relied on case law to conclude that the December 2006 sale price, $5,350,000, was the value of the property as of January 1, 2008. The BTA stated that "[i]n the absence of evidence demonstrating why such sale should not be relied upon to establish the subject property's value for tax purposes, we will not engage in conjecture as to bases for its rejection." *Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, BTA No. 2009-K-2364, 2012 WL 6026708, *2 (Nov. 16, 2012). The BTA decision makes no mention of the BOR's explicit findings regarding the recency issue. Instead, the BTA confined itself to the observation that the sale, having occurred a little less than 13 months before the lien date, was close enough in time to be regarded as recent. *Id*. at fn. 2.

**{¶ 8}**   After the BTA issued its decision, Squire Hill appealed to this court.  Because Squire Hill had acquired the property after the BTA hearing and before the BTA issued its decision, it had standing to appeal under the second paragraph of R.C. 5717.04, 2009 Sub.H.B. No. 1, which permits a current owner who was not a party before the BTA to appeal.  The school board has filed a motion to dismiss on the grounds that Squire Hill failed to serve Wasserpach, the former owner that was identified as a party at the BTA.  The school board has also filed an appellee brief opposing Squire Hill's propositions of law.

## MOTION TO DISMISS

**{¶ 9}**   We must first address the motion to dismiss filed by the school board.  The school board asserts that the court lacks jurisdiction because Squire Hill failed to serve the notice of appeal on Wasserpach as an appellee according to the requirements of R.C. 5717.04.  *See Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision*, 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178.

### A.  Facts

**{¶ 10}** Wasserpach was a previous owner of the property, and Wasserpach filed the valuation complaint that initiated the proceedings at the BOR.  As a result, Wasserpach became a party-appellee at the BTA when the school board appealed the BOR's decision.  *See* R.C. 5717.01 (requiring the board of revision to give notice of an appeal to the BTA to "all persons * * * who were parties to the proceeding before" the board of revision); former Ohio Adm.Code 5717-1-03(B), 2004-2005 Ohio Monthly Record 6-1714, effective Jan. 14, 2005 (permitting "[a]ny party before the board of revision, who desires to participate in an appeal before the board of tax appeals as an appellee" to enter an appearance).  Indeed, Wasserpach did enter a formal appearance through counsel at the BTA.  Furthermore, the record indicates that Wasserpach surrendered title to the property to another entity some time before the BTA convened its evidentiary

hearing. Squire Hill also asserts that Wasserpach dissolved in December 2010 and attaches documentation to that effect from the secretary of state's office.

{¶ 11} The school board and Squire Hill both assert—without any support in the record—that Wasserpach surrendered title to the property in June 2010, while the BTA proceeding was pending, to an entity called Viking Partners Deerfield, for no consideration. Viking Partners then transferred the property to Squire Hill for $3,200,000 in July 2012—after the BTA hearing but four months before a decision was issued.

**B. Because Squire Hill prosecutes this appeal as the new owner,**

**the failure to serve a former owner is not a jurisdictional defect**

*1. The* Olympic Steel *doctrine*

{¶ 12} Relying on *Olympic Steel*, 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178, the school board asserts that as a jurisdictional prerequisite to pursuing its appeal, Squire Hill ought to have joined and served Wasserpach as an appellee before this court.

{¶ 13} In *Olympic Steel*, the court held that service of the notice of appeal on the tax commissioner as an appellee, as prescribed by paragraph six of former R.C. 5717.04, 2009 Sub.H.B. No. 1, constitutes a jurisdictional prerequisite to pursuing the appeal from a BTA decision in a board-of-revision case to this court.

{¶ 14} The rationale of *Olympic Steel* is as follows. Paragraph six of former R.C. 5717.04 identifies those persons who "shall be made appellees": "all persons to whom the decision of the board appealed from is required by [R.C. 5717.03] to be sent, other than the appellant." The statute required that the notice of appeal must be served on those persons: "Unless waived, notice of the appeal shall be served upon all appellees by certified mail."

{¶ 15} For its part, R.C. 5717.03(B) addresses the following question: When it issues a decision in an appeal from a board of revision, to what persons must the BTA send its decision? The statute says that the decision shall be sent to

the following: "all persons who were parties to the appeal before the board, to the person in whose name the property is listed, or sought to be listed, if such person is not a party to the appeal, to the county auditor of the county in which the property involved in the appeal is located, and to the tax commissioner."

{¶ 16} Reading R.C. 5717.03 with former R.C. 5717.04: an appellant must join as an appellee and serve the appeal on (i) all parties to the BTA appeal (other than the appellant itself), (ii) the owner if the owner was not a party, (iii) the county auditor, and (iv) the tax commissioner.

{¶ 17} In *Olympic Steel,* we held that the "appellant's failure in this case to comply with its statutory obligation to serve the notice of appeal on the Tax Commissioner in the prescribed manner deprives this court of jurisdiction to consider the appeal." After *Olympic Steel*, the court held that the service must be initiated within the time for filing an appeal. *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 111 Ohio St.3d 1219, 2006-Ohio-5601, 857 N.E.2d 145, ¶ 2. We have also held that identifying a party as an appellee in the notice of appeal is not a jurisdictional requirement; it is jurisdictionally sufficient if the party is served. *HK New Plan Exchange Property Owner II, L.L.C. v. Hamilton Cty. Bd. of Revision*, 121 Ohio St.3d 1224, 2009-Ohio-1110, 903 N.E.2d 643, ¶ 2.

{¶ 18} Although most cases in which we have applied *Olympic Steel* involve a failure to serve the tax commissioner, three involve the failure to serve a later owner. It is a jurisdictional defect if a *former* property owner who is a party at the BTA fails to serve a *later* owner, when that later owner had been identified as such in the record of the BTA case. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 114 Ohio St.3d 1224, 2007-Ohio-4007, 871 N.E.2d 602; *accord Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 116 Ohio St.3d 1220, 2007-Ohio-6664, 879 N.E.2d 774 (declining to dismiss because *Columbus* should be applied prospectively). However, a new owner need

be served only if the record *in the BTA case* identifies the new owner. *HK New Plan*, ¶ 4.

{¶ 19} This case reverses the fact pattern just discussed: a *current* owner who failed to serve a *prior* owner has appealed. The question is whether the different circumstances of the present case have a different jurisdictional consequence. We hold that they do.

2. *Serving a dispensable party under R.C. 5717.04 is not a jurisdictional prerequisite, because it does not run to the core of procedural efficiency*

{¶ 20} In opposing dismissal, Squire Hill argues that R.C. 5717.04 requires service on persons "other than the appellant" and that Wasserpach should be deemed an "appellant" that need not be served as an appellee. Squire Hill also argues that serving Wasserpach, an entity that had surrendered title to the property and then dissolved, is a futile act and that the law does not require futile acts.

{¶ 21} We agree that the circumstances of this case call for a different conclusion than the previously mentioned cases. We have held that compliance with statutory appeal requirements is jurisdictional only when those requirements "run to the core of procedural efficiency." *Akron Std. Div. of Eagle-Picher Industries, Inc. v. Lindley*, 11 Ohio St.3d 10, 12, 462 N.E.2d 419 (1984) (failure to verify a reassessment petition was not jurisdictional because the verification requirement did not run to the core of procedural efficiency); *compare Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243, ¶ 17-18 (requirement that complainant state amount of value at issue was jurisdictional because it ran to the core of procedural efficiency); *Austin Co. v. Cuyahoga Cty. Bd. of Revision*, 46 Ohio St.3d 192, 194, 546 N.E.2d 404 (1989) (R.C. 5717.01's requirement that an appeal to the BTA be filed at the board of revision "provides that agency with statutory notice of the appeal" so that it may fulfill its duty to "notify all parties of the appeal and transmit to the BTA a transcript of the board's proceedings"); *see also Nucorp, Inc. v. Montgomery Cty.*

*Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980) (complainant's failure to make supplemental disclosures within the time prescribed by statute after the filing of the valuation complaint was not a jurisdictional defect).

{¶ 22} While the *Olympic Steel* cases have not explicitly referred to the core-of-procedural-efficiency concept, that concept is implicit in the holdings that service of the notice of appeal on all the parties before the BTA is jurisdictional. Procedurally, all interests must be notified so that each may participate in litigating the value of the property—the owner interest in a lower value, the school-district interest in a greater value, the county interest in proper valuation generally, and the statewide-equalization interest represented by the tax commissioner. In the present appeal, however, Squire Hill is presenting the case for a lower valuation, which would have been Wasserpach's interest.

{¶ 23} The current owner, not a former owner, has the primary and substantial interest in the valuation proceeding. It is the current owner's interest in the property that is subject to the tax lien imposed by R.C. 323.11. To protect its title against foreclosure of the lien, Squire Hill will necessarily have to cover any additional taxes that accrue as a result of the BTA's reversing the BOR. Moreover, if Squire Hill's allegation that the county actually gave Wasserpach a refund based on the BOR decision is true, it is likely that Squire Hill may be held responsible for that amount if the BTA's decision is sustained.

{¶ 24} Plainly, service of the notice of appeal on the current owner by a former owner is more important than service on the former owner by the current owner. As the court has observed, the procedural safeguards afforded the property owner by the property-tax statutes "are in essence a codification of the fundamental concepts of due process." *Columbus Apts. Assocs. v. Franklin Cty. Bd. of Revision*, 67 Ohio St.2d 85, 89, 423 N.E.2d 147 (1981). The potential deprivation of property through foreclosure of the tax lien directly affects the current titleholder, not the former owner who has transferred the property.

**{¶ 25}** We hold that the requirement that Squire Hill serve the former owner Wasserpach did *not* run to the core of procedural efficiency, because Wasserpach was dispensable as a party to the appeal. The current owner has the primary interest in the property value, and the current owner is prosecuting the appeal here. Moreover, the BTA was required to send the decision to Wasserpach as a party under R.C. 5717.03(B), and the law presumes that a public agency has performed its legal obligations. *See Toledo v. Levin*, 117 Ohio St.3d 373, 2008-Ohio-1119, 884 N.E.2d 31, ¶ 28, quoting *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 590, 113 N.E.2d 14 (1953) (" 'public boards * * * will be presumed to have properly performed their duties' "). If Wasserpach had an interest that was the subject of this litigation, that interest could have been vindicated by appealing the BTA decision, but Wasserpach did not do so. Joining Wasserpach as an appellee under these circumstances would be an empty formality—an act of futility, as Squire Hill points out.

### 3. Our decision in Waterville *is on point*

**{¶ 26}** Our holding that serving the notice of appeal on a dispensable party is not a jurisdictional prerequisite is supported by our decision in *Waterville v. Spencer Twp.*, 37 Ohio St.2d 79, 307 N.E.2d 542 (1974). In that case, several political subdivisions dissatisfied with the allocation of local government funds appealed to the BTA. After the BTA adjusted the allocation, two subdivisions appealed to this court. In one of the appeals, the appellant, Waterville, failed to join one of the other subdivisions, at whose expense Waterville had sought a larger allocation. The court dismissed that subdivision from the Waterville appeal.

**{¶ 27}** But the court declined to dismiss Waterville's appeal entirely. The court reasoned that "appellant's failure to serve one named appellee diminishes the number of parties before the court but does not affect its jurisdiction." *Id*. at 82. In other words, Waterville could recover from the other subdivisions it had

served in the appeal while forgoing recovery against the subdivision that it had failed to serve. Likewise, Squire Hill's failure to join Wasserpach does not deprive the court of jurisdiction to hear the appeal.

{¶ 28} Therefore, we reject the school board's jurisdictional challenge. Squire Hill's failure to serve the notice of appeal on the former owner Wasserpach did not constitute a jurisdictional defect, because that service did not "run to the core of procedural efficiency" under the case law. The motion to dismiss is denied.

### APPEAL OF THE BTA DECISION

{¶ 29} We next proceed to consider the four propositions of law advanced by Squire Hill. Propositions 1 and 2 both address due process and the jurisdiction of the BTA to proceed to hear and decide the case before it. We reject Squire Hill's argument that the BTA decision is a nullity, because neither the statutes nor due process required the BTA to continue its hearing and affirmatively serve a new owner with notice of the appeal.

{¶ 30} Propositions 3 and 4 both address the merits issue: Did the BTA properly adopt the December 2006 sale price as the value of the property for tax-year 2008? Our decision in *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, is controlling: the BTA failed to fulfill its duty to independently weigh evidence and make findings concerning recency. We vacate the decision of the BTA and remand for further proceedings.

### A. Facts

{¶ 31} There is limited evidence of the December 2006 sale in the record. At the hearing before the BOR on August 12, 2009, the county auditor stated on the record that the property record card indicated that the property sold on December 15, 2006, for $5,350,000. That statement refers to an actual notation on the property record card. The parties have never contested the fact or timing of

the sale or the amount of the sale price. Accordingly, we accept the stated facts concerning the 2006 sale for purposes of deciding this appeal, despite the absence of the usual elements of proof, such as the conveyance-fee statement, the deed, and the sale contract.

{¶ 32} At the BOR hearing, Wasserpach's counsel appeared along with the appraiser, Gene Manion. Counsel for the school board also appeared and cross-examined Manion. Finding the cost and the sales-comparison approaches to be inapplicable, and relying exclusively on an income approach, Manion concluded that the value of the property on January 1, 2008, was $2,942,000. Manion derived his estimation by first determining and then combining separate values, one for the tenant-occupied portion of the premises and one for the unoccupied portion of the premises. Manion testified at the BOR hearing that although the property was 100 percent leased at the time of the December 2006 sale, it was 57 percent vacant on the lien date. No one contested that assertion.

## B. The BTA had no obligation to continue the hearing
## or give notice to the new property owners

### 1. Squire Hill had no statutory right to receive notice from the BTA

{¶ 33} Squire Hill's first proposition of law states that the BTA decision "is a nullity because Squire Hill was denied due process in not being provided constitutionally required notice and an opportunity to be heard." The second proposition appears to be a variant of the first: it asserts that the BTA erred by not continuing the hearing until a new owner could be given notice and an opportunity to participate. Squire Hill is mistaken on both counts.

{¶ 34} In deciding this issue, we distinguish due process required by statute from due process required by the United States Constitution. Only one of the five cases that Squire Hill cites has a constitutional component; the others are resolved entirely on statutory grounds. Neither the statutes nor the Constitution

required the BTA to postpone its proceedings, identify new owners, and summon the new owners to a hearing.

{¶ 35} In *Columbus Apts. Assocs.*, 67 Ohio St.2d 85, 423 N.E.2d 147, two boards of education had filed valuation complaints and obtained increases in the values of apartment properties. The owners had been notified of the board-of-revision hearings and had been accorded the opportunity to participate. When, however, the owners appealed the adverse decisions to the BTA, the BTA dismissed because the owners had not filed complaints with respect to the properties. R.C. 5717.01 expressly permitted appeals to be taken by "any person * * * authorized by section 5715.19 of the Revised Code to file complaints," but the BTA construed that language to authorize appeals only by complainants.

{¶ 36} We reversed. Noting that the statutes providing for notice to the owner prohibited any increase without the owner having the opportunity to be heard, we concluded that "it is the legislative intent to provide every procedural safeguard for the taxpayer." 67 Ohio St.2d at 89, 423 N.E.2d 147. We observed that the provisions dealing with procedures before boards of revision and in appeals were a codification of the fundamental concepts of due process. *Id*. We then reasoned that because "it is the owner's, not the school board's, property which is the subject of the complaint * * * the owner is an indispensable party" and that "the owner [should not] be denied the right to be a party upon an appeal of a determination which materially affects his property interests." *Id*. at 89-90.

{¶ 37} Quite simply, Squire Hill cites no provision of law that requires the BTA to give notice of its hearing to a new owner. R.C. 5717.01 states that in an appeal from a board of revision, the BTA may "order the appeal to be heard on the record and the evidence certified to it by the county board of revision, or it may order the hearing of additional evidence." By rule, the BTA sensibly provides that "[t]he board's secretary or the designated assignment commissioner may schedule each appeal for hearing, and *written notice thereof shall be given to*

*the parties or their counsel of record* by ordinary mail." (Emphasis added.) Ohio Adm.Code 5717-1-15(A). Under this rule, a current owner who is not a party to the BTA proceeding need not be notified of the hearing. That pertains to both Squire Hill and to Viking: Because neither Squire Hill nor Viking, the entity that acquired the property from Wasserpach and conveyed it to Squire Hill, was a party, the administrative rule did not require that either be notified.

2. *Squire Hill's constitutional due-process claim has been "effectively waived"*

**{¶ 38}** Squire Hill alludes to, but does not develop, an argument that constitutional due process required that it receive notice from the BTA. Squire Hill cites absolutely no authority to support that theory—as indicated, the cases cited involve *statutory* due process, and no statute requires what Squire Hill demands. The absence of authority and argumentation based on constitutional case law constitutes, all by itself, grounds for rejecting the due-process argument. *See Util. Serv. Partners, Inc. v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 1038, ¶ 53 (takings claim was "effectively waived" where "[n]o argument is supplied regarding whether the relevant case law, applied to the facts of this case, justifies a decision in [the appellant's] favor"); *In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, 951 N.E.2d 751, ¶ 19 ("it is not generally the proper role of this court to develop a party's arguments").

**{¶ 39}** It was particularly important to present a developed argument in this case, given that Squire Hill held no interest in the property at the time the BTA held its hearing. Any injury Squire Hill has suffered would have arisen from its own lack of diligence as a purchaser to inquire into the status of tax proceedings. The BOR and BTA proceedings are matters of public record, and Squire Hill could have entered an appearance and even intervened at the BTA had it inquired into the status of the case and elected to make such a filing.

**{¶ 40}** Squire Hill's first and second propositions of law are therefore denied.

### C. The BTA erred by ignoring the BOR's recency finding
### and by failing to independently weigh the evidence

**{¶ 41}** Squire Hill's third and fourth propositions of law address the merits of its claim: Did the BTA err by adopting the December 2006 sale price as the value of the property for tax year 2008? The third proposition of law focuses on the school board's failure to present evidence of the sale at the BTA, so that the BTA had an insufficient basis for concluding that there was a December 2006 sale for a price of $5,350,000. Three arguments are advanced under the fourth proposition of law; the third focuses on the lack of evidence regarding the recency of the sale.

*1. The property record, together with the auditor's statement*
*at the BOR hearing, evidence the date and price of the sale*

**{¶ 42}** As Squire Hill asserts, the school board had the burden of proof at the BTA, and it presented no proof of the December 2006 sale. "Without evidence [of the sale], [the school board] did not fulfill its burden to reverse the decision of the BOR."

**{¶ 43}** The school board's failure to present evidence of the sale at the BTA does not mean that there is not sufficient evidence of the sale in the record. The property record card contains a notation referring to the sale (as property record cards typically do), and although that notation is somewhat ambiguous, the auditor himself recited the pertinent facts of the sale—the time and price—at the BOR hearing. At no time was that recitation contested; to the contrary, the parties both presented arguments as if the sale was factual.

**{¶ 44}** Under these circumstances, we conclude that the BTA had a sufficient evidentiary basis for determining that there was a December 2006 sale to Wasserpach for $5,350,000.

*2. Tax tribunals have authority to determine a new value*
*that is unrestricted by the values claimed by the parties*

**{¶ 45}** We also reject Squire Hill's argument that the BTA had no authority to adopt the sale price as the property value, because the school board had requested reinstatement of the auditor's original value instead of relying on the sale price. We have held that "when performing an independent valuation, the BTA is not bound by the values advocated by the parties." *Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 28. The taxpayer's valuation complaint "places neither minimum nor maximum limitations on the [common pleas] court's determination of value, and there are none save the judicial requirement that the determination be supported by the evidence." *Jones & Laughlin Steel Corp. v. Lucas Cty. Bd. of Revision*, 40 Ohio St.2d 61, 63, 320 N.E.2d 658 (1974); *see Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision*, 80 Ohio St.3d 591, 595, 687 N.E.2d 723 (1998) (rule stated in *Jones & Laughlin Steel* is applicable to BTA appeals).

*3. The BTA failed to evaluate the BOR's finding that the sale was not recent*

**{¶ 46}** Finally, Squire Hill faults the BTA for deeming the December 2006 sale recent to the January 1, 2008 valuation based on mere temporal proximity and for not weighing the evidence contained in the BOR transcript. We conclude that Squire Hill has stated grounds for vacating the decision of the BTA and remanding for a proper review of the evidence regarding the recency of the sale.

**{¶ 47}** Unlike in most similar board-of-revision appeals, this case presents an explicit finding that the presumption of recency of the sale had been rebutted by facts. Both the auditor and the treasurer (the two members of the BOR present) stated on the record that the sudden vacating of 57 percent of the premises after the sale made the sale not indicative of the market on January 1, 2008. Yet the BTA treated recency as a mere question of how close the sale was

15

in time to the lien date—as if no special attention had been given to the issue at the BOR.

{¶ 48} In the past, when the BTA has not given the requisite attention to a recency issue discussed by a board of revision, the court has vacated and remanded. *Worthington City Schools*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 34. We conclude that the same disposition is warranted in this case.

{¶ 49} The scope of remand under the particular circumstances of this case differs from our earlier cases. In *Worthington City Schools*, we instructed the BTA to determine the recency issue "in light of the entire record." *Id.* Because the parties had "had ample opportunity to present evidence," we instructed the BTA to "not take additional evidence on remand." *Id.* Squire Hill, however, is a new owner that did not have the opportunity to be heard before the BTA. *See Columbus Apts. Assocs.*, 67 Ohio St.2d at 89, 423 N.E.2d 147 (acknowledging "the legislative intent to provide every procedural safeguard for the taxpayer" in board-of-revision appeals); *see also Lancaster City Schools Bd. of Edn. v. Fairfield Cty. Bd. of Revision*, BTA No. 90-P-686, 1993 WL 105352, *2 (Mar. 26, 1993) (acknowledging, under *Columbus Apts. Assocs.,* a "fundamental right of a property owner to participate in proceedings undertaken to increase his property's valuation"). Moreover, by appealing the BTA's decision to this court, Squire Hill preserved its right to be heard on the subject of the recency of the December 2006 sale.

{¶ 50} Accordingly, the BTA on remand shall make Squire Hill a party-appellee and shall take additional evidence regarding the recency of the December 2006 sale if Squire Hill requests it to do so. If Squire Hill does offer evidence relating to recency, the school board shall have the opportunity to offer evidence in rebuttal.

### CONCLUSION

**{¶ 51}** For the foregoing reasons, we deny the school board's motion to dismiss and reject the jurisdictional and due-process arguments advanced by Squire Hill. Because the BTA failed to properly consider the BOR's finding and weigh the evidence regarding recency of the sale, however, we vacate the BTA's decision and remand for further proceedings consistent with this opinion.

Decision vacated

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and O'NEILL, JJ., concur.

FRENCH, J., concurs in judgment only.

_____

David C. DiMuzio, Inc., and Jennifer B. Antaki, for appellee Mason City School District Board of Education.

David P. Fornshell, Warren County Prosecuting Attorney, and Michael Greer and Christopher A. Watkins, Assistant Prosecuting Attorneys, for appellees Warren County Board of Revision and Warren County Auditor.

Hemmer DeFrank, P.L.L.C., Scott R. Thomas, and Carlo R. Wessels, for appellant.

_____