**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Valentine v. Schoen*, Slip Opinion No. 2024-Ohio-3439.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-3439

THE STATE EX REL. VALENTINE *v.* SCHOEN ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Valentine v. Schoen*, Slip Opinion No. 2024-Ohio-3439.]**

*Elections—Mandamus—Writ sought to compel members of board of elections to place a zoning referendum on the general-election ballot—Petition circulators of the zoning referendum did not include with their referendum petition "an appropriate map of the area affected by the zoning proposal" as required by R.C. 519.12(H)—Because petition circulators did not include an appropriate map with their referendum petition, the board of elections did not abuse its discretion or act in clear disregard of applicable legal provisions when it sustained the protest against the petition and refused to place the zoning referendum on the ballot—Writ denied.*

(No. 2024-1174—Submitted September 3, 2024—Decided September 6, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} In this expedited election case, relator, Shawn Valentine, seeks a writ of mandamus ordering respondents, the members of the Lucas County Board of Elections (Fritz Schoen, Kurt Young, Don Miller, and Dawn Christen), to place a zoning referendum on the November 5, 2024 general-election ballot. We deny the writ.

## FACTUAL, PROCEDURAL, AND LEGAL BACKGROUND

{¶ 2} R.C. 519.12 sets forth the process to amend certain township-zoning resolutions and to seek a zoning referendum that would allow voters to approve or reject those amendments. If a board of township trustees votes to adopt a zoning amendment, the amendment takes effect in 30 days after the date of its adoption unless, before that time, a referendum petition is filed with the board of township trustees. R.C. 519.12(H). The petition must contain signatures of registered voters residing in the unincorporated area of the township or part of that unincorporated area included in the zoning plan equaling at least fifteen percent of the total vote cast for all candidates for governor in that area in the last gubernatorial election. *Id.* The petition must be "accompanied by an appropriate map of the area affected by the zoning proposal." *Id.* The board of township trustees then certifies the petition to the board of elections. *Id.* The board of elections reviews the petition, and if it determines that the petition is sufficient and valid, the referendum shall be voted on at the next general or primary election occurring at least 90 days after the petition was filed with the board of township trustees. *Id.*

{¶ 3} Spencer Township is a township in Lucas County. In October 2023, Jeff Davis applied for a zoning change to approximately nine acres of property owned by Jeff Davis Properties, L.L.C., in Spencer Township. The proposed

change would allow the property to be used as a tow lot and for vehicle storage. On February 15, 2024, the Spencer Township Board of Trustees adopted a resolution approving a zoning amendment that rezoned a smaller portion of the property that Davis had originally requested be rezoned. Specifically, the board of township trustees voted to rezone only "the area of the Property east of a line 60 feet to the east of the ditch on the Property." This zoning amendment was embodied in Resolution 2024-09.

{¶ 4} Valentine and others circulated for signatures a petition to hold a referendum on the zoning amendment. On March 14, they submitted eight part-petitions to the board of township trustees. The Lucas County Board of Elections determined that the part-petitions contained in total more than the required number of valid signatures, and the board of township trustees certified the referendum petition to the board of elections for the zoning referendum to be placed on the November 5, 2024 general-election ballot.

{¶ 5} On July 9, Jeff Davis Properties filed a notice of protest with the board of elections against the referendum petition. The board of elections held a hearing on the protest on August 6, at which its members voted unanimously to sustain the protest and keep the zoning referendum off the ballot. The board of elections did not take sworn testimony at the hearing. Although Jeff Davis Properties raised multiple grounds in support of its contention that the referendum should be left off the ballot, the board of elections sustained the protest based on only one ground—that the map of the property to be rezoned that accompanied the petition was not an "appropriate map" as required by R.C. 519.12(H). At the hearing, Jeff Davis Properties claimed that the petition included a map of the area that was originally requested to be rezoned, not the reduced portion that the board of township trustees ultimately voted to rezone, while Valentine argued that the map submitted with the petition was provided to the petitioners by the township and therefore was appropriate.

**{¶ 6}** On August 14, Valentine filed in this court his verified complaint for a writ of mandamus. He requests a writ ordering the members of the board of elections to place the zoning referendum on the November 5, 2024 general-election ballot. He also requests awards of costs and attorney fees.

**ANALYSIS**

**{¶ 7}** A writ of a mandamus may issue ordering a board of elections to place a referendum on the ballot. *See State ex rel. Miller v. Union Cty. Bd. of Elections*, 2023-Ohio-3664, ¶ 1. To obtain a writ of mandamus, Valentine must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the board of elections to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *Id.* at ¶ 15. Valentine lacks an adequate remedy in the ordinary course of the law due to the proximity of the election. *See id*.

**{¶ 8}** "In a mandamus action challenging the decision of a county board of elections, the standard is whether the board 'engaged in fraud, corruption, or abuse of discretion, or acted in clear disregard of applicable legal provisions.' " *State ex rel. Mann v. Delaware Cty. Bd. of Elections*, 2015-Ohio-718, ¶ 13, quoting *Whitman v. Hamilton Cty. Bd. of Elections,* 2002-Ohio-5923, ¶ 11. "An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections*, 1997-Ohio-315, ¶ 13. Valentine does not allege that the board of elections engaged in fraud or corruption.

**{¶ 9}** The board of elections sustained the protest of Jeff Davis Properties because it determined that the referendum petition did not contain an appropriate map that complied with R.C. 519.12(H). R.C. 519.12(H) requires that when petitioners submit a referendum petition to a board of township trustees, the petition "shall be accompanied by an appropriate map of the area affected by the zoning proposal." Petitioners must strictly comply with this requirement. *State ex rel.*

4

*McCord v. Delaware Cty. Bd. of Elections*, 2005-Ohio-4758, ¶ 39. "A map accompanying a referendum petition should be considered appropriate or suitable for purposes of R.C. 519.12(H) if it does not mislead the average person about the area affected by the zoning resolution." *Id.* at ¶ 63.

{¶ 10} Here, the petitioners submitted a map with their referendum petition that did not accurately outline the area affected by the zoning resolution. Instead, the map outlined the approximately nine-acre area that Davis originally requested be rezoned, not the smaller portion that the board of township trustees voted to rezone. The exact size of the portion of the property at issue that the board of township trustees voted to rezone is not clearly established in his record, but Valentine states in his briefs, without objection from the members of the board of elections, that the portion was approximately four acres. A map may be misleading if "it does not include all of the area affected by [a zoning resolution] and does not highlight that area." *State ex rel. Columbia Res., Ltd. v. Lorain Cty. Bd. of Elections*, 2006-Ohio-5019, ¶ 35. Similarly, a map may be misleading if it inaccurately indicates in which township the affected area is located. *See McCord* at ¶ 64-65. Here, the map that the petitioners submitted with their petition outlined an area larger than the area affected by the zoning resolution, which could "mislead the average person about the area affected by the zoning resolution," *id.* at ¶ 63.

{¶ 11} Valentine argues, however, that the board of township trustees approved the map as reflecting the zoning amendment, and thus it was appropriate for the petitioners to use that map. Valentine relies on *State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections*, 2006-Ohio-1666, ¶ 56, in which we stated that if a map "was specifically approved by the board of township trustees to reflect the zoning amendments approved by the board," this court will not penalize petitioners for using that map. "[T]ownship electors seeking to exercise their right of referendum need not attach a map that is more accurate than the map approved by the board of trustees." *Id.* In *Gemienhardt*, we ultimately found that the petition at

issue did not comply with R.C. 519.12(H) for reasons other than the requirement of using an appropriate map. *See id.* at ¶ 57.

{¶ 12} But here, other than Valentine's own statements, there is no evidence that the board of township trustees ever approved the map at all, much less approved the map as reflecting the zoning amendment that it ultimately approved. The map depicts the area affected by Davis's original application for a zoning change, not the area that the board of township trustees ultimately voted to rezone. And the board of township trustees' resolution approving the zoning amendment does not mention any map. Valentine avers that he received the map from the township in response to a public-records request, but he does not provide any evidence of what records he specifically requested or any evidence that the township represented to him that the map was approved by the board of township trustees as reflecting the zoning amendment. Valentine has therefore not shown that this court's reasoning in *Gemienhardt* applies to him.

{¶ 13} Because the petitioners did not submit an appropriate map with their referendum petition as required by R.C. 519.12(H), the board of elections did not abuse its discretion or act in clear disregard of applicable legal provisions when it sustained the protest against the petition. As such, Valentine has not shown by clear and convincing evidence that he is entitled to a writ of mandamus ordering the members of the board of elections to place the zoning referendum on the general-election ballot.

{¶ 14} Finally, in his complaint, Valentine claims that keeping the zoning referendum off the general-election ballot because of the use of a map that was not appropriate would violate his constitutional rights of free speech, association, and petitioning the government for a redress of grievances. However, other than one conclusory sentence in his merit brief, he included no separate argument in his briefs concerning these constitutional rights. He has thus waived these claims. *See Mason City School Dist. Bd. of Edn v. Warren Cty. Bd of Revision*, 2014-Ohio-104,

¶ 38 (rejecting undeveloped constitutional argument that lacked authority and argumentation). Similarly, although Valentine requests awards of costs and attorney fees in his complaint and reiterates those requests in the conclusion of his merit brief, he has waived these claims because he failed to include a separate argument in his briefs concerning awards of costs and attorney fees. *See State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2012-Ohio-753, ¶ 69.

## CONCLUSION

{¶ 15} When the petition circulators of a zoning referendum submitted their referendum petition to the board of township trustees, they did not include "an appropriate map of the area affected by the zoning proposal" as required by R.C. 519.12(H). Because they failed to include an appropriate map with their petition, the board of elections did not abuse its discretion or act in clear disregard of applicable legal provisions when it sustained the protest against the petition and refused to place the referendum on the ballot. As such, we deny the writ. We also deny Valentine's requests for awards of costs and attorney fees.

Writ denied.

————————————

Terry J. Lodge for relator.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell, Assistant Prosecuting Attorney, for respondents.

————————————